IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

SUSAN A. CASSIDY, et al.,                    :

    Plaintiffs,                              :

v.                                           :
                                  Civil Action No. GLR-14-1204

PAMELA A. MURRAY,                            :

    Defendant.                               :

                                           :

## MEMORANDUM OPINION

THIS MATTER is before the Court on Plaintiffs Susan A. Cassidy and John E. Bronson's claims against Defendant Pamela A. Murray for injuries they sustained as a result of Murray's alleged negligent operation of a vessel in the Patapsco River off of Curtis Bay, Baltimore, Maryland. Pending before the Court is Plaintiff Cassidy's Motion to Remand. (ECF No. 23). The Court, having reviewed the pleadings and supporting documents, finds no hearing necessary. See Local Rule 105.6 (D.Md. 2014). For the reasons outlined below, Cassidy's Motion will be granted.

## I.   BACKGROUND

On or about June 17, 2012, Cassidy was a passenger in a vessel operated by her husband Bronson on the Patapsco River off of Curtis Bay when the bow of Murray's vessel collided with the stern of Bronson's vessel. The collision resulted in injuries to Cassidy and Bronson.

On January 27, 2014, Plaintiffs, individually and as husband and wife, filed suit against Murray in the Circuit Court for Baltimore City, Maryland.   The three-count Complaint alleges two counts of negligence and one loss of consortium count.   (ECF No. 2).   Murray removed the case to this Court on April 11, 2014. (ECF No. 1).   Cassidy filed the pending Motion to Remand on May 8, 2014.   (ECF No. 23).[1]

## II.  DISCUSSION

### A.  <u>Standard of Review</u>

Federal courts have removal jurisdiction over state court actions "of which the district courts of the United States have original jurisdiction."   28 U.S.C. § 1441(a) (2014).   When the plaintiff challenges the propriety of removal, the defendant bears the burden of proving that removal was proper.   <u>Mulcahey v. Columbia Organic Chems. Co.</u>, 29 F.3d 148, 151 (4th Cir. 1994).   On a motion to remand, the court must "strictly construe the removal statute and resolve all doubts in favor of remanding the case to state court."   <u>Richardson v. Phillip Morris Inc.</u>, 950 F.Supp. 700, 702 (D.Md. 1997) (quoting <u>Creekmore v. Food Lion, Inc.</u>, 797 F.Supp. 505, 507 (E.D.Va. 1992)).   This standard reflects the reluctance of federal courts "to interfere with matters properly before a state court."   <u>Id.</u> at 701.

---

[1] The Court permitted the parties to conduct the videotaped deposition of Bronson and related discovery while this Motion was pending.   (<u>See</u> ECF Nos. 28 & 29).

**B.**   <u>**Analysis**</u>

According to Murray, removal was proper in this case for two reasons.   First, the Court has original jurisdiction over Plaintiffs' tort claims under 28 U.S.C. § 1333 (2014) because the accident occurred in navigable waters "and such negligence impacts maritime commerce and bears a substantial relationship to traditional maritime activity."   (Def.'s Opp'n to Pls.' Mot. to Remand at 3, ECF No. 27).   Second, the December 2011 amendment to 28 U.S.C. § 1441 permits general maritime claims to be removed from state court in the absence of an independent jurisdictional basis such as diversity of citizenship or federal question. (<u>Id.</u>).   The Court disagrees with both contentions.   Namely, the saving to suitors clause precludes removal of general maritime claims without an independent jurisdictional basis.   Moreover, contrary to Murray's argument, the 2011 amendment to § 1441 did not drastically alter this removal requirement.

**1.   The Saving to Suitors Clause**

Pursuant to 28 U.S.C. § 1333(1), "The district courts shall have original jurisdiction, exclusive of the courts of the State, of . . . [a]ny civil case of admiralty or maritime jurisdiction, <u>saving to suitors in all cases all other remedies to which they are otherwise entitled</u>."   (Emphasis added).   The latter portion of this jurisdictional statement, often referred to as the "saving to suitors" clause (hereinafter, "saving clause"), preserves the role

of state courts in the traditional administration of common law remedies in maritime matters. Romero v. Int'l Terminal Operating Co., 358 U.S. 354, 362 (1959), superseded by statute on other grounds by 45 U.S.C. § 59; see also Servis v. Hiller Sys. Inc., 54 F.3d 203, 206 (4th Cir. 1995) ("Section 1333's 'saving to suitors' clause preserves a maritime suitor's election to pursue common-law remedies in state court.").

The United States Supreme Court has defined the savings clause "as a grant to state courts of in personam jurisdiction, concurrent with admiralty courts." Lewis v. Lewis & Clark Marine, Inc., 531 U.S. 438, 445 (2001) (citing Red Cross Line v. Atl. Fruit Co., 264 U.S. 109, 123 (1924)). This concurrent jurisdiction includes the ability of state courts to oversee "all means other than proceedings in admiralty which may be employed to enforce the right or to redress the injury involved." Id. (quoting Red Cross Line, 264 U.S. at 124). Therefore, the exclusive jurisdiction of the federal courts only applies "to those maritime causes of action begun and carried on as proceedings in rem, that is, where a vessel or thing is itself treated as the offender and made the defendant by name or description in order to enforce a lien." Coronel v. AK Victory, ---- F.Supp.2d ---, No. C13-2304JLR, 2014 WL 820270, at *4 (W.D.Wash. Feb. 28, 2014) (quoting Madruga v. Superior Ct. of

4

State of Cal. in & for San Diego Cnty., 346 U.S. 556, 560-61 (1954)).

###   2.   The Removal Statute

The removal of cases from state to federal court is governed by 28 U.S.C. § 1441.   Prior to the December 2011 amendment, the removal statute read as follows:

> (a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending.   For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.

> (b) Any civil action of which the district courts have original jurisdiction founded on a claim or right under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties.   Any other such action shall be removable only if none of the parties in interested properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. § 1441(a) & (b) (2006).

The current version of the removal statute states:

> (a) Generally.—Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

5

```
(b) Removal based on diversity of citizenship.—
(1) In determining whether a civil action is
removable on the basis of the jurisdiction under
section 1332(a) of this title, the citizenship
of defendants sued under fictitious names shall
be disregarded.
(2) A civil action otherwise removable solely on
the basis of the jurisdiction under section
1332(a) of this title may not be removed if any
of the parties in interest properly joined and
served as defendants is a citizen of the State
in which such action is brought.
```

28 U.S.C. § 1441(a) & (b) (2012). Although § 1441(a) remained largely the same, Congress removed the "original jurisdiction" and "other such action" language from § 1441(b).

### 3. Removal of Saving to Suitors Clause Cases

The interplay between the savings clause and the federal removal statute has garnered a substantial amount of legal analysis over the years. Traditionally, preservation of the concurrent jurisdiction granted by the savings clause resulted in a prohibition against removing maritime cases filed in state court without diversity of citizenship. Romero, 358 U.S. at 363 ("[C]ommon-law remedies were, under the saving clause, [enforceable] in the courts of the States and on the common-law side of the lower federal courts when the diverse citizenship of the parties permitted. Except in diversity cases, maritime litigation brought in state courts could not be removed to the federal courts."). In Romero, the question presented was whether the then-recently amended federal question statute, 28 U.S.C. §

1331, should encompass maritime claims.  In declining to answer this question in the affirmative, the Supreme Court noted, in dictum, that adopting an expanded view of § 1331 would essentially eviscerate "the historic option of a maritime suitor pursuing a common-law remedy to select his forum, state or federal," thereby making maritime actions "freely removable under § 1441" and undermining the concurrent jurisdiction the savings clause seeks to preserve.  Romero, 358 U.S. at 371-72.

Despite this commentary, prior to 2011, several federal courts, led by the Fifth Circuit in In re Dutile, 935 F.2d 61 (5th Cir. 1991), held that § 1441 precluded the removal of savings clause actions filed in state court.  See, e.g., Seeger v. Superior Diesel, Inc., 409 F.Supp.2d 669 (D.S.C. 2005); Bulen v. Hall-Houston Oil Co., 953 F.Supp. 141 (E.D.La. 1997).  Under this approach, § 1441(b), not the savings clause, constituted the Act of Congress that barred removal.  Specifically, the Dutile court concluded:

> The first sentence of [§ 1441(b)] provides
> that removal of actions 'founded on a claim
> or right arising under the Constitution,
> treaties or laws of the United States' may
> proceed without regard to the citizenship of
> the parties.  Emphatically, claims in
> admiralty, whether designated in rem or in
> personam, do *not* fall within this category. .
> . . Thus, admiralty and general maritime
> claims fall within the category of '[a]ny
> other [civil] action' governed by the second
> sentence of § 1441(b).  As such, they are
> 'removable only if none of the parties in
> interest properly joined and served as

> defendants is a citizen of the State in which
> the action is brought.  The practical effect
> of these provisions is to prevent the removal
> of admiralty claims pursuant to § 1441(a)
> unless there is complete diversity of
> citizenship (predicated upon out-of-state
> defendants).

935 F.2d at 62-63 (emphasis in original).  The Dutile court reasoned that because maritime claims are not considered federal questions under Romero, they fall into the "any other civil action" category that required diversity of citizenship for removal.

The 2011 amendment to § 1441, however, removed the "any other civil action" language and, with it, a portion of the Dutile rationale.  In light of the amendment, some federal courts have held that general maritime cases are now removable without an independent jurisdictional basis due to the courts' original jurisdiction over admiralty and maritime claims.  See, e.g., Ryan v. Hercules Offshore, Inc., 945 F.Supp.2d 772 (S.D.Tex. 2013); Carrigan v. M/V AMBASSADOR, No. H-13-03208, 2014 WL 358353, at *2 (S.D.Tex. Jan. 31, 2014); Bridges v. Phillips 66 Co., No. 13-477-JJB-SCR, 2013 WL 6092803, at *4-*5 (M.D.La. Nov. 19, 2013).  This new approach is heavily attributed to the Ryan case.  The Ryan plaintiff filed suit against vessel companies in state court for negligence and unseaworthiness after her husband died while working on a vessel.  In denying plaintiff's motion to remand, the Ryan court concluded that the December 2011 amendment to § 1441(b)

constituted a substantial change in traditional removal jurisdiction that permits the district courts' original jurisdiction over maritime cases to be the sole basis of removal under § 1441(a).  Ryan, 945 F.Supp.2d at 777-78.

The Court rejects this rationale for several reasons.  First, the removal of admiralty cases without an independent jurisdictional basis permits the very occurrence the Supreme Court attempted to avoid in Romero -- the evisceration of the savings clause.  See Romero, 358 U.S. at 371-72.  The purpose of the clause is to preserve the traditional role of the states in the administration of common-law remedies for maritime cases. Permitting defendants to remove these cases without an independent jurisdictional basis not only disrupts decades of maritime precedent but also renders the saving clause null and void.

Second, the Dutile and Ryan courts' focus on section 1441 fail to apportion sufficient weight to the savings clause. Although Murray correctly notes that the savings clause preserves a common-law remedy, not the right to a non-federal forum, it is an undisputed statement.  See The Moses Taylor, 71 U.S. 411, 431 (1866).  In fact, the absence of this right is reflected in many general maritime cases being removed from state court on the basis of diversity jurisdiction.  An average savings clause case is no different from any other state law claim that is removed on the basis of diversity.  What is significant in either situation is

that the disruption of the plaintiff's choice of forum via removal must be predicated on an independent jurisdictional basis, such as diversity of citizenship.  The savings clause places great weight on the importance of preserving that choice whenever possible, which was highlighted by the Supreme Court in Romero.  Focusing solely on § 1441 ignores that purpose.

Finally, since the Ryan ruling, several decisions, including one in the same district, have questioned the validity of that ruling.  See, e.g., In re Foss Maritime Co., --- F.Supp.2d ---, No. 5:12-CV-00021-TBR, 2014 WL 2930860, at *3-*4 (W.D.Ky. June 27, 2014) (rejecting Ryan's conclusion that the December 2011 amendment altered the removability of maritime claims); Alexander v. Seago Consulting, LLC, No. 4:14-CV-1292, 2014 WL 2960419, at *1 (S.D.Tex. June 23, 2014) (rejecting Ryan and remanding the case); Freeman v. Phillips 66 Co., Nos. 14-311, 14-624, 2014 WL 1379786, at *4 (E.D.La. Apr. 8, 2014) (collecting cases questioning Ryan). The Court is not inclined to reject decades of well-established law to adopt an unsettled attempt to alter the course of removal procedures without clear, binding, precedent.[2]

---

[2]  The Court also recognizes Cassidy's argument that the savings clause is considered the Act of Congress that prohibits removal absent an independent basis for jurisdiction because of Plaintiffs' right to a jury under the clause.  See, e.g., Barry v. Shell Oil Co., No. 13-6133, 2014 WL 775662, at *3 (E.D.La. Feb. 25, 2014) (stating "since the removal of Plaintiff's claims solely on the basis of admiralty jurisdiction would deprive him of the right to pursue his nonmaritime remedy of a jury trial, the saving

Here, Plaintiffs selected the Circuit Court of Baltimore City, Maryland, as their forum and seek common-law remedies traditionally handled by state courts absent an independent jurisdictional basis for removal. Because all parties are Maryland residents and there is no federal question presented, an independent jurisdictional basis for removal is absent from this case. Accordingly, the Court will honor Plaintiffs' original forum selection and remand this case to the state court.

### III.   CONCLUSION

For the foregoing reasons, the Court, by separate Order, will GRANT Cassidy's Motion to Remand. (ECF No. 23).

Entered this 24th day of July, 2014

_____/s/_____
George L. Russell, III
United States District Judge

---

to suitors clause under these circumstances prohibits the removal of this action.").